### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SONIA BROWN,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CAROLYN W. COLVIN,** | : | |
| *Acting Commissioner of the* | : | **No. 13-0043** |
| *Social Security Administration*, | : | |
| **Defendant.** | : | |

### O R D E R

AND NOW, this 7th day of March, 2014, upon consideration of Ms. Brown's Brief and

Statement of Issues in Support of Request for Review (Docket No. 8) and Defendant's Response

to Ms. Brown's Request for Review (Docket No. 10), and after review of Chief United States

Magistrate Judge Carol Sandra Moore Wells's Report and Recommendation (Docket No. 11), to

which no objections have been filed,[1] it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.[2]

2. Ms. Brown's Request for Review is GRANTED in part and DENIED in part, and the

   decision of the Commissioner of the Social Security Administration is REVERSED

   to the extent that the matter is REMANDED to the Commissioner under sentence

---

[1] The Local Rules provide that "[a]ny party may object to a magistrate judge's order determining a motion or matter . . . within fourteen (14) days after issuance of the magistrate judge's order . . . ." E.D. Pa. Local R. Civ. P. 72.1(IV)(a). Judge Wells issued her Report and Recommendation on February 18, 2014; objections were therefore due March 4, 2014.

[2] The Report and Recommendation states that "the four hours Dr. Shaw permitted certainly exceed the six hour requirement for light work." R&R 10. These figures should have been transposed—i.e., "the six-hour requirement for light work exceeds the four hours Dr. Shaw permitted." The Court also notes that the ALJ's misreading of four hours as two hours (presumably based on the ALJ's reading the text next to the checked box but not the note next to that text, *see* R. 336) would only further support Ms. Brown's position; the point stands that Dr. Shaw's assessment and Ms. Brown's residual functional capacity require reevaluation.

four of 42 U.S.C. § 405(g) for further proceedings consistent with Judge Wells's

Report and Recommendation. The Comissioner shall:

   a.  Reconsider Dr. Shaw's May 26, 2010 assessment;

   b.  reconsider Ms. Brown's residual functional capacity in light of all her physical

       limitations;

   c.  consider Ms. Brown's potential "borderline" age situation; and

   d.  if necessary, pose hypothetical questions to the vocational expert that take into

       account all of Ms. Brown's credible limitations.

3.  JUDGMENT IS ENTERED in favor of Ms. Brown, thereby reversing the decision of

    the Commissioner for the purpose of this remand only.

4.  The Clerk of Court shall mark this case CLOSED for all purposes, including

    statistics.



                              BY THE COURT:

                              S/Gene E.K. Pratter
                              GENE E.K. PRATTER
                              United States District Judge